**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
ESSEX INSURANCE COMPANY,

                Plaintiff,

        -against-                      **MEMORANDUM OF
DECISION AND ORDER**
09-cv-1922 (ADS)(ARL)

EDWIN YEPEZ, FAIRWAY ESTATES AT
FAMINGDALE CONTRACTING CORP.,
FAIRWAY ESTATES AT FARMINGDALE
HOMEOWNERS ASSOCIATION, FIARWAY
ESTATES AT FARMINGDALE, LLC,
DAVINCI CONSTRUCTION OF NASSAU,
INC., D/B/A DAVINCI CONSTRUCTION
COMPANY, AND DAVINCI
CONSTRUCTION OF NEW YORK, INC.,

                Defendants.
-------------------------------------------------------X

**APPEARANCES:**

**Clausen Miller PC**
*Attorneys for the plaintiff*
One Chase Manhattan Plaza
New York, NY 10005
        By:    Steven J. Fried, Esq.
                 John P. DeFilippis, Esq., of Counsel

**White, Quinlan, Stanley & Ledwith, L.L.P.**
*Attorneys for the defendants Fairway Estates at Farmingdale Contracting Corp.
  and Fairway Estates at Farmingdale, LLC*
377 Oak Street
Garden City, NY 11530
        By:    Regis Edward Staley, Jr., Esq., of Counsel

**Miranda Sambursky Slone Sklarin Verveniotis LLP**
*Attorneys for the defendant DaVinci Construction of New York, Inc.*
240 Mineola Boulevard
Mineola, NY 11501
        By:    Neil L. Sambursky, Esq., of Counsel

**NO APPEARANCE:**
Edwin Yepez
Fairway Estates at Farmingdale Homeowners
DaVinci Construction of Nassau, Inc., d/b/a DaVinci Construction Company

**SPATT, District Judge.**

On May 7, 2009, the plaintiff Essex Insurance Company filed the present case, seeking to disclaim liability for an alleged construction accident that allegedly involved the defendants, one or more of whom hold an insurance contract with the plaintiff. All of the named defendants then appeared and answered except for Edwin Yepez; Fairway Estates at Farmingdale Homeowners; and DaVinci Construction of Nassau, Inc. ("DaVinvi Nassau"). At a subsequent Local Rule 56.1 conference held on May 19, 2010 in which all appearing parties participated, the appearing parties indicated that they agreed that the plaintiff was not liable for damages connected to the alleged construction accident at issue in the complaint. The Court therefore directed the plaintiff to submit to the Court a consent judgment to this effect, and stated that the Court would endorse the consent judgment, provided that none of the non-appearing defendants objected to the consent judgment within thirty days of its submission.

On June 14, 2010, the plaintiff submitted a consent judgment as described, and on June 22, 2010, Donna Cipoletti, the president of DaVinci Nassau, submitted a letter to the Court objecting to the consent judgment. On July 1, 2010 the Court docketed a letter to DaVinci Nassau, indicating that a corporate person such as DaVinci Nassau was required to appear by counsel. The letter also provided an additional deadline for DiVinci Nassau to retain counsel if it sought to object to the

consent judgment. On August 2, 2010, the Court received a subsequent letter from Donna Cipoletti of DaVinci Nassau, indicating that (1) DaVinci Nassau had not timely received the Court's letter of July 1, 2010, and (2) DaVinci Nassau still sought to object to the consent judgment, but had no funds to retain an attorney.

In light of this most recent letter and the prior proceedings in this case, the Court determines that it will permit DaVinci Nassau to appear before the Court in this case through a non-attorney officer or director. Further, DaVinci Nassau is granted until Friday, September 3, 2010 to file with the Court an answer in this case. If DaVinci Nassau has not filed an answer by that time, the Court will entertain a motion for a default judgment by the plaintiff against DaVinci Nassau.

**SO ORDERED.**

Dated: Central Islip, New York
August 20, 2010

                                                                                                         /s/ Arthur D. Spatt
                                                                                                        ARTHUR D. SPATT
                                                                                United States District Judge